# EXHIBIT 1

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

AARON GARCIA,

    Plaintiff,

v

Case No. 21-007008-NP
Hon. Muriel Hughes

MUELLER STREAMLINE CO.,
a foreign corporation,

    Defendant.

_____/

Christopher R. Baratta (P51293)
BARATTA & BARATTA, P.C.
Attorney for Plaintiff
120 Market Street
Mount Clemens, MI 48043
(586) 469-1111 / (586) 469-1609 Fax
chris@barattalegal.com

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

There is no other pending or resolved matter arising out of the transactions or occurrences alleged in this complaint.

_____
Christopher R. Baratta (P 51293)

NOW COMES the Plaintiff, AARON GARCIA, by and through his attorneys, BARATTA & BARATTA, P.C., and for his Complaint against MUELLER STREAMLINE CO., states as follows:

1. That Plaintiff, AARON GARCIA, is a resident of the County of Wayne, State of Michigan.

1

2. That Defendant, MUELLER STREAMLINE CO. ("Mueller"), is a foreign corporation licensed to do business in the State of Michigan, and doing business in the County of Wayne, State of Michigan.

3. The resident agent for defendant Mueller is The Corporation Company and the registered office for defendant is located at 40600 Ann Arbor Rd E Ste 201, Plymouth, MI 48170.

4. That the amount in controversy in this litigation exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars, exclusive of costs, interest, and attorney fees.

5. That Venue is proper in this Court pursuant to MCL 600.1629 and/or 600.1621.

6. On or about February 24, 2020, plaintiff purchased a T/Z Mini Split HP Cond 36K 16S Single, a T/Z Mini Split HP Evap 36K 230V 16S and a Mini Split Line set 3/8" x 5/8" 14/4 Wire (together the "3-ton Mini Split Air Conditioner" or "Unit") from distributor United Refrigeration Inc. ("United").

7. United distributed the 3-ton +Mini Split Air Conditioner which was manufactured by defendant Mueller to plaintiff under purchase order #72351668-00.

8. At all pertinent times herein, plaintiff was a mechanical inspector, licensed by the State of Michigan, with decades of experience installing and working with various HVAC systems.

9. On or about June 26, 2020, plaintiff was installing said Unit at an establishment located in the City of Onstead, County of Wayne, State of MI.

10. During the course of installing said Unit, plaintiff attempted to connect the evaporator to the condenser and when he lightly touched the 5/8" copper tubing line to set it in place, the plastic threaded cap on said line blew off and struck plaintiff in the eye, causing serious and permanent injuries more fully set forth below.

11. At all pertinent times herein, there was an unsafe amount of pressure/nitrogen in the 5/8" tubing which caused the threaded cap to explode off of the copper tubing line.

12. Said pressure in the copper tubing line was caused by defendant adding too much nitrogen inside of it.

13. At all pertinent times herein, there were no Shrader stems or valves that were in place on said copper tubing line, which would have allowed for the pressure caused by the nitrogen added into said line to safely release.

14. At all pertinent times herein, the excessive amount of nitrogen and/or the highly pressurized 5/8" copper tube was not readily apparent or visible to plaintiff prior to his attempted installation of said Unit.

15. At no time did plaintiff misuse this product nor did plaintiff attempt to install this Unit in a manner contrary to the manufacturer's recommendations.

16. Plaintiff was not guilty of negligence or comparative negligence in the subject occurrence.

17. That defendant knew or should have known of the aforementioned hazardous condition before the subject Unit left its control.

**Count I Manufacturing Defect MCL 600.2946**

18. Plaintiff incorporates paragraphs 1 through 17 of this complaint as if fully set forth herein.

19. That defendant Mueller manufactured the subject Unit.

20. That defendant Mueller owed a duty to plaintiff to manufacture said Unit in a reasonable manner and ensure that it would be safe for its intended users, assemblers and/or installers.

3

21. Defendant Mueller breached its duties owed to the plaintiff by failing to use reasonable care in the manufacture of the Unit, failing to comply with applicable statutes, codes and/or regulations regarding the subject Unit, and by failing guard against and warn of the dangers associated with a copper tubing line being filled with an excessive amount of nitrogen (psi) and other acts and/or omissions that may become known throughout the course of discovery in this matter.

22. At the time the subject Unit left the defendant's control it was not in compliance with relevant standards for nitrogen-pressurized copper tubing lines, nor was it reasonably safe for assembly, installation or use due to the excessive amounts of nitrogen that were filled into the 5/8" copper tubing line as described herein.

23. At the time the subject Unit left the defendant's control there were other practical and feasible alternative production practices that were available to defendant to manufacture said Unit that would have prevented the harm caused by over-pressurized copper tubing lines.

24. One or more of the defendant's breach of duties was a legal and proximate cause of plaintiff's injuries.

25. That as a direct and proximate cause of the defendant's negligence and breach of duties, plaintiff sustained severe and permanent injuries, including but not limited to:

    a. Traumatic iritis OS;
    b. Traumatic hyphema OS;
    c. Traumatic mydriasis OS;
    d. Photophobia, headache, decreased vision;
    e. Medical expenses;
    f. Denial of social pleasures and the inability to enjoy the normal functions of life;
    g. Physical pain and suffering, weakness, and disability;
    h. Mental anguish, embarrassment, humiliation, and mortification;
    i. Emotional trauma, fright, and shock;
    j. Wage loss;
    k. All other damages permitted by law or that may become known throughout the pendency of this action.

26. That the Plaintiff has been forced to undergo medical care and treatment and will have permanent residuals and affects from the injuries sustained in the subject incident.

27. That to the extent any of said injuries were pre-existing, said accident aggravated and/or made conditions symptomatic.

WHEREFORE, Plaintiff, AARON GARCIA, prays that this Honorable Court enter a judgment against defendant in whatever amount in excess of $25,000.00 that the trier of fact deems fair and just, together with costs, interest, and attorney fees.

## Count II Implied Warrant of Merchantability

28. Plaintiff incorporates paragraphs 1 through 27 of this complaint as if fully set forth herein.

29. That defendant Mueller impliedly warranted the subject Unit to be safe and merchantable as a Mini Split Air Conditioner.

30. That defendant Mueller breached said warranty of merchantability by manufacturing and selling the Unit in a defective and dangerous condition, failing to comply with applicable statutes, codes and/or regulations, failing to warn users, installers and/or assemblers of the dangers associated with installing the Unit in the condition it was in when it left the defendant's control and other acts and/or omissions that will become known throughout the course of discovery.

31. As a direct and proximate result of the defendant's breach of duties, plaintiff was injured as more fully set forth above.

WHEREFORE, Plaintiff, AARON GARCIA, prays that this Honorable Court enter a judgment against defendant in whatever amount in excess of $25,000.00 that the trier of fact deems fair and just, together with costs, interest, and attorney fees.

### Count III Implied Warranty of Fitness

32. Plaintiff incorporates paragraphs 1 through 31 of this complaint as if fully set forth herein.

33. That defendant Mueller impliedly warranted the subject Unit would be safe and fit for a particular purpose, to-wit: a 3-ton Mini Split Air Conditioner.

34. That defendant Mueller breached said implied warranty of fitness by manufacturing and selling the Unit in a defective and dangerous condition, failing to comply with applicable statutes, codes and/or regulations, failing to warn users, installers and/or assemblers of the dangers associated with installing the Unit in the condition it was in when it left the defendant's control and other acts and/or omissions that will become known throughout the course of discovery.

35. As a direct and proximate result of the defendant's breach of duties, plaintiff was injured as more fully set forth above.

WHEREFORE, Plaintiff, AARON GARCIA, prays that this Honorable Court enter a judgment against defendant in whatever amount in excess of $25,000.00 that the trier of fact deems fair and just, together with costs, interest, and attorney fees.

Respectfully Submitted,
BARATTA & BARATTA, P.C.

Christopher R. Baratta (P51293)
BARATTA & BARATTA, P.C.
Attorney for Plaintiff
120 Market Street
Mount Clemens, MI 48043
(586) 469-1111

Dated: June 9, 2021

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

AARON GARCIA,

    Plaintiff,

v

MUELLER STREAMLINE CO.,
a foreign corporation,

    Defendant.

Case No. 21-          NP
Hon.

_____/

Christopher R. Baratta (P51293)
BARATTA & BARATTA, P.C.
Attorney for Plaintiff
120 Market Street
Mount Clemens, MI 48043
(586) 469-1111 / (586) 469-1609 Fax
chris@barattalegal.com

_____/

## DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, AARON GARCIA, by and through his attorneys, BARATTA & BARATTA, P.C., and hereby demands a trial by jury in relation to the above titled matter.

Respectfully Submitted,
BARATTA & BARATTA, P.C.

_____
Christopher R. Baratta (P51293)
BARATTA & BARATTA, P.C.
Attorney for Plaintiff
120 Market Street
Mount Clemens, MI 48043
(586) 469-1111

Dated: June 9, 2021

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

AARON GARCIA,

    Plaintiff,

v

Case No. 21-007008-NP
Hon. Muriel Hughes

MUELLER STREAMLINE CO.,
a foreign corporation,

    Defendant.
_____/

Christopher R. Baratta (P51293)
BARATTA & BARATTA, P.C.
Attorney for Plaintiff
120 Market Street
Mount Clemens, MI 48043
(586) 469-1111 / (586) 469-1609 Fax
chris@barattalegal.com
_____/

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

NOW COMES Plaintiff, AARON GARCIA, by and through his attorneys BARATTA & BARATTA, P.C., and in accordance with MCR 2.309, and sub-parts of the Michigan General Court Rules, submits the following Interrogatories to Defendant.

The information to be furnished by you shall include all information whether in possession or knowledge of your agents, employees, attorneys, or investigators. These Interrogatories shall be deemed to be continuing, up to and including the date of trial.

NOTE: While these Interrogatories are directed to you, they are intended to and shall embrace and include, in addition any and all agents, servants, employees, representatives, private investigators, and others who are in possession of or may have obtained information for or on your behalf.

1

1. Please provide answers to the following:

  The full name, title, and job duties of everyone who had input in answering these interrogatories on behalf of Defendant.

**ANSWER:**

2. Please indicate where the subject T/Z Mini Split HP Cond 36K 16S Single, the T/Z Mini Split Evap 36K 230V 16S and the Mini Split Line set 3/8" x 5/8" 14/4 Wire (together the "3-ton Mini Split Air Conditioner") (the "Unit") was manufactured, indicating also:

  a. The date it was manufactured;
  b. The person or people who were responsible for quality control checks on the Unit before it left the possession and control of Mueller, including their job titles and a description of what tests were performed.

**ANSWER:**

3. Please describe all quality control measures and/or tests that were undertaken on the Unit to ensure all copper tube lines were filled with an appropriate amount of Nitrogen. Please indicate what PSI defendant fills its copper tubing lines to on Mini Split Air Conditioners with Nitrogen and whether there were any measurements or tests performed on the subject Unit to determine the PSI in its copper tubing lines.

**ANSWER:**

4. Please describe all Schrader stems and/or valves that were in place on the Unit's copper tubing lines which could allow for a slow and/or controlled release of the Nitrogen and/or pressure in said tube(s).

**ANSWER:**

5. State in detail the manner in which you assert that the incident referred to in the plaintiff's complaint occurred, specifying the position and location of each person involved at the time of and immediately after the incident.

**ANSWER:**

2

6. Please provide a detailed description of the plastic threaded cap that was installed on the 5/8" copper tubing line on the Unit.

**ANSWER:**

7. Did defendant have notice of any excessive amounts of Nitrogen, or amounts of Nitrogen that exceeded the standards adhered to by defendant, being added to its copper tubing lines on either the subject Unit or other Mini Split Air Conditioners it has manufactured, from 2017 to the present time? If so, please indicate how defendant received such notice, how many units were affected, whether there were any product recalls, whether any lawsuits were filed as a result thereof.

**ANSWER:**

8. Has defendant ever been notified about any plastic threaded cap exploding or bursting off of a copper tube line that it has manufactured, whether said incident caused injury or not, at any time?

**ANSWER:**

9. Please set forth the name, address and telephone number of each and every individual known or believed by you, your attorney, investigators, agents, or representatives to have any relevant knowledge of the incident alleged in the Complaint or who will support any of the defenses to any of the allegations contained in plaintiff's complaint.

**ANSWER:**

10. Did the distributor of the Unit, United Refrigeration Inc., alter or modify the Unit in any way that you allege either caused or contributed to the subject incident.

**ANSWER:**

3

11. Has defendant consulted with or retained any expert who may testify on behalf of defendant in this lawsuit? If so, identify the following:

   a. The name and address of said expert;
   b. The field of expertise of said expert;
   c. The date said expert was retained;
   d. What said expert is expected to testify to at the time of trial;
   e. The basis behind said opinions;
   f. What tests, analysis or examinations were performed.

**ANSWER:**


12. With reference to the preceding interrogatory, please further state:

   a. The dates on which each expert and/or technician made each such analysis, test and/or examination;
   b. The exact process of each such test, analysis and/or examination;
   c. The address where each test, analysis and/or examination was made;
   d. Whether any conclusions or results were reached or realized as an outcome of each such test, analysis and/or examination; and
   e. If so, please set forth in detail the said conclusion or result of each such test, analysis and/or examination.

**ANSWER:**


13. Please state whether any expert and/or technician retained by you or on your behalf submitted a report of his/her findings or conclusions. If so, please state:

   a. The date on which each such report was submitted;
   b. If you will do so without a motion to produce, please attach a copy of each report referred to above.

**ANSWER:**


14. Is the name of the defendant correct in the complaint and caption? If not, identify the correct corporate name of the defendant.

**ANSWER:**

4

                                                Respectfully submitted,

                                                BARATTA & BARATTA, P.C.
                                                Attorneys for Plaintiff

                                    By:  _____
                                                Christopher R. Baratta (P51293)
                                                120 Market Street
                                                Mt. Clemens, MI  48043
                                                (586) 469-1111

Dated: June 9, 2021

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

AARON GARCIA,                             Case No. 21-007008-NP
                                                                           Hon. Muriel Hughes

       Plaintiff,

v

MUELLER STREAMLINE CO.,
a foreign corporation,

       Defendant.
_____/

Christopher R. Baratta (P51293)
BARATTA & BARATTA, P.C.
Attorney for Plaintiff
120 Market Street
Mount Clemens, MI 48043
(586) 469-1111 / (586) 469-1609 Fax
chris@barattalegal.com
_____/

**PLAINTIFF'S 1st REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT PURSUANT TO MCR 2.310**

NOW COMES Plaintiff, AARON GARCIA, by and through his attorneys, BARATTA & BARATTA, P.C., pursuant to MCR 2.310, and hereby requests that defendant produce the following items:

1. Any and all written or transcribed statements of defendant(s) or its principals, agents, employees and/or servants regarding any aspect of the subject incident.

2. Complete copies of any and all written or recorded statements in the possession of the defendant(s), or any agent acting on behalf of the defendant(s), of any witness(es) to the subject incident who claim to have any knowledge regarding the subject incident and/or occurrence

1

detailed in plaintiff's complaint and/or damages allegedly suffered by plaintiff as a result of the subject incident.

3. All photographs or videotapes/surveillance of the plaintiff in the possession of defendant(s), its principals, agents, employees and/or servants.

4. Any and all correspondence to and from the Plaintiff.

5. Complete copies of any reports, drawings, accident reports or incident reports and any charts or graphs made as a result of any inspection, examination or investigation by defendant(s), or any agent acting on behalf of the defendant(s), regarding the incident described in plaintiff's complaint, which is in the possession and/or control of the defendant(s).

6. All test(s) results that indicate any and all pressure readings (PSI) in the copper tubing lines on the subject Mini Split Air Conditioner (more fully described in plaintiff's complaint) taken by Defendant.

7. An exemplar plastic threaded cap, similar to that placed on the 5/8" copper tubing line of the subject Mini Split A/C.

Respectfully Submitted,

BARATTA & BARATTA, P.C.

Christopher R. Baratta (P51293)
BARATTA & BARATTA, P.C.
Attorney for Plaintiff
120 Market Street
Mount Clemens, MI 48043
(586) 469-1111

Dated: June 9, 2021